ORAL ARGUMENT NOT YET SCHEDULED
No. 25-1004

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

UNITED STATES STEEL CORPORATION; NIPPON STEEL NORTH AMERICA, INC.; and NIPPON STEEL CORPORATION,

*Petitioners*,

v.

THE COMMITTEE ON FOREIGN INVESTMENT IN THE UNITED STATES; JOSEPH R. BIDEN, in his official capacity as President of the United States; JANET L. YELLEN, in her official capacity as Secretary of the Treasury and Chairperson of the Committee on Foreign Investment in the United States; and MERRICK B. GARLAND, in his official capacity as Attorney General of the United States,

*Respondents*.

---

On Petition For Review

---

**EMERGENCY UNOPPOSED MOTION TO GRANT
EXPEDITED CONSIDERATION AND TO SET
BRIEFING AND ORAL ARGUMENT SCHEDULE**

---

Petitioners United States Corporation, Nippon Steel North America, Inc., and Nippon Steel Corporation respectfully request that the Court grant expedited consideration and set a briefing and argument schedule. Respondents have authorized us to state that they agree with the proposed schedule set forth below.

In light of the considerations described below warranting expedited consideration, Petitioners also request, pursuant to Circuit Rule 27(e), that the Court expedite consideration of the present motion and resolve it by January 17, 2025.

## BACKGROUND

United States Steel Corporation (U. S. Steel), Nippon Steel Corporation, and Nippon Steel North America, Inc. (Nippon Steel), have entered into an agreement for U. S. Steel to become a wholly owned subsidiary of Nippon Steel. The agreement provides for an "End Date" of June 18, 2025. Pet. for Review (PFR) 20. On January 3, 2025, President Biden issued an executive order blocking the transaction. *See* PFR Ex. C. The order, which followed CFIUS's December 23, 2024 referral of the transaction to the President, *see* PFR Ex. B, relied on Section 721 of the Defense Product Act (DPA), 50 U.S.C. § 4565. The DPA provides that "[a] civil action challenging an action or finding under this section may be brought only in" this Court. *Id.* § 4565(e)(2).

On January 6, 2025, Petitioners filed a petition for review challenging the President's order and CFIUS's referral. Petitioners claim that the President's and CFIUS's actions violated their rights under the Due Process Clause; that CFIUS's actions violated Section 721 of the DPA and the Administrative Procedure Act; and that the President's actions were *ultra vires*.

## ARGUMENT

### A. Expedited Consideration Of This Case

Petitioners respectfully request that the Court expedite briefing, argument, and decision in this case. The Circuit Handbook directs parties moving for expedited consideration to "demonstrate that the delay will cause irreparable injury and that the decision under review is subject to substantial challenge." D.C. Cir., *Handbook of Practice and Internal Procedures* VIII.B. It also notes that expedited consideration may be warranted if "the public generally, or . . . persons not before the Court, have an unusual interest in prompt disposition." *Id.* This case satisfies all three criteria.

*First*, Petitioners argue that prompt consideration of this case is needed to avoid irreparable harm. The merger agreement contains a June 18, 2025 deadline for obtaining regulatory approvals and completing the merger. Petitioners contend that failure to meet this deadline could permanently impair Petitioners' ability to consummate the merger. *See In re NTE Conn., LLC*, 26 F.4th 980, 990 (D.C. Cir. 2022) ("[F]inancial injury can be irreparable where no adequate compensatory or other corrective relief will be available at a later date." (alterations and quotations omitted)). Further, Petitioners argue that, given this Court's recognition that "a prospective violation of a constitutional right constitutes irreparable injury," *Karem v. Trump*, 960 F.3d 656, 667 (D.C. Cir. 2020) (affirming preliminary injunction)

3

(quotations omitted), the ongoing deprivation of constitutional rights alleged by Petitioners counsels in favor of expedition.

*Second*, Petitioners maintain that the order and the referral are subject to substantial challenge for the reasons set forth in the petition for review.

*Third*, Petitioners contend that the public at large has a significant interest in the prompt disposition of this case. Petitioners argue that the merger provides much-needed investment in U. S. Steel, securing its thousands of employees and their families, and the communities in which U. S. Steel operates. Petitioners further argue that the investments Nippon Steel plans to make through the merger are critical to U. S. Steel's continued success, and will strengthen the United States' strategic and national security interests.

At this time, Petitioners believe that if the Court grants expedited consideration and adopts a schedule similar to the one proposed below, these actions can be resolved on the merits without the need for a request for emergency preliminary injunctive relief. Petitioners reserve the right to move for such relief if doing so becomes necessary to avoid irreparable harm prior to this Court's decision on the merits.

**B.     Proposed Schedule**

To ensure that there is adequate time before the June 18, 2025 transaction deadline to obtain regulatory approvals and complete the merger, Petitioners

respectfully ask this Court to issue its decision on the merits of this action by May 16, 2025. To enable the Court to issue a decision by that date or sooner, Petitioners respectfully propose the following briefing schedule, with which Respondents agree:

- Filing of unclassified administrative record – January 20, 2025
- Opening brief for Petitioners – February 3, 2025
- Amicus curiae briefs in support of Petitioners or in support of neither party – February 10, 2025
- Filing of classified administrative record – February 21, 2025
- Answering brief for Respondents – March 3, 2025
- Amicus curiae briefs in support of Respondents – March 10, 2025
- Reply brief for Petitioners – March 17, 2025

Petitioners further respectfully request that oral argument be calendared for a date as early as practicable in the Court's April 2025 sitting.

Respectfully submitted.

Dated: January 10, 2025

| | |
|---|---|
| /s/ David B. Hennes<br>David B. Hennes<br>Alexander B. Simkin<br>Andrew S. Todres<br>ROPES & GRAY LLP<br>1211 Avenue of the Americas<br>New York, NY 10036<br>(212) 596-9000<br>David.Hennes@ropesgray.com<br>Alexander.Simkin@ropesgray.com<br>Andrew.Todres@ropesgray.com<br><br>Douglas H. Hallward-Driemeier<br>Stefan P. Schropp<br>ROPES & GRAY LLP<br>2099 Pennsylvania Avenue, N.W.<br>Washington, DC 20006<br>(202) 508-4600<br>Douglas.Hallward-Driemeier@ropesgray.com<br>Stefan.Schropp@ropesgray.com<br><br>*Counsel for Petitioners Nippon Steel North America, Inc. and Nippon Steel Corporation* | /s/ Andrew J. Pincus<br>Andrew J. Pincus<br>Nicole A. Saharsky<br>Wajdi C. Mallat<br>MAYER BROWN LLP<br>1999 K Street, Northwest<br>Washington, DC 20006<br>(202) 263-3000<br>APincus@mayerbrown.com<br>NSaharsky@mayerbrown.com<br>WMallat@mayerbrown.com<br><br>Benjamin D. Bright<br>MAYER BROWN LLP<br>1221 Avenue of the Americas<br>New York, NY 10020<br>(212) 506-2500<br>BBright@mayerbrown.com<br><br>*Counsel for Petitioner United States Steel Corporation* |

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 822 words excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 27(a)(2)(B).

This motion complies with the typeface requirements of Rule 32(a)(5) and the type-style requirement of Rule 32(a)(6) because it was prepared in a proportionately spaced typeface using Microsoft Word in Times New Roman 14-point type for text and footnotes.

/s/ *Andrew J. Pincus*
Andrew J. Pincus

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2025, I filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the CM/ECF system which will serve all counsel of record.

/s/ *Andrew J. Pincus*
Andrew J. Pincus