[NOT SCHEDULED FOR ORAL ARGUMENT]

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| UNITED STATES STEEL CORPORATION, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> COMMITTEE ON FOREIGN INVESTMENT IN THE UNITED STATES, *et al.*, <br><br> Defendants-Appellants, | No. 25-1004 |

**UNOPPOSED MOTION TO FILE PORTIONS OF THE ADMINISTRATIVE RECORD UNDER SEAL**

The administrative record in this case consists of materials that are not contained in a public rulemaking docket. *See* 50 U.S.C. § 4565(c)(1). Several of those materials are not appropriate for public filing in this case because they contain confidential business information or other sensitive but unclassified information. Respondents respectfully move for leave to file under seal, if the Court requests, one volume of the Administrative Record that contains such

confidential unclassified information. Petitioners do not oppose this motion.[1]

**A.** This petition for review, filed under 50 U.S.C. § 4565(e)(2), seeks review of the Presidential Order Regarding the Proposed Acquisition of United States Steel Corporation by Nippon Steel Corporation, 90 Fed. Reg. 2605 (Jan. 3, 2025), and the related referral to the President by the Committee on Foreign Investment in the United States (CFIUS). Under this Court's order of January 13, 2025, the unclassified portions of the Administrative Record are due on January 21, 2025.

**B.** There are two types of material in the unclassified Administrative Record: (1) publicly releasable documents (Volume 1); and (2) documents that may contain confidential business information or other sensitive information (Volume 2). Together, those Volumes include approximately 600 documents that span approximately 10,000 pages. Contemporaneously with this motion, the government is filing certified indices of record covering all of the material in Volumes 1 and 2, and the government will serve the underlying unclassified

---

[1] The Administrative Record in this case also includes some documents that contain classified information. Under this Court's order of January 13, 2025, the classified portions of the Administrative Record are not required to be filed until February 21, 2025. This motion thus addresses only the unclassified portions of the Administrative Record; the government anticipates filing a separate motion addressing proper handling of the classified portions at an appropriate time.

administrative record on petitioners' counsel today. Absent a request from the Court to receive the entire unclassified administrative record, *see* D.C. Cir. R. 17(b), the parties intend to file the relevant excerpts of the record with the briefing in the case.

    **1.** *Publicly Releasable Documents.* Volume 1 of the Administrative Record consists of documents that may be released to the public, and the government stands ready to file those documents electronically at the Court's request, per D.C. Circuit Rule 17(b). This portion of the administrative record contains public versions of certain documents that were considered or produced during CFIUS's review of the underlying transaction that do not contain confidential information.

    **2.** *Non-Public Documents.* Volume 2 of the Administrative Record consists of documents that may contain confidential information and that should be filed under seal. The bulk of the documents in Volume 2 are documents that were produced by the transaction parties—U.S. Steel Corporation and Nippon Steel Corporation—during CFIUS's review of the underlying transaction and that the parties marked as containing business confidential information. In addition, Volume 2 contains a relatively small number of documents that the government has determined contain sensitive or confidential information—such as documents marked "Sensitive But Unclassified" or "Controlled

Unclassified Information."

CFIUS's enabling statute provides that information filed with the Committee generally may not "be made public," although that confidentiality provision does not "prohibit the disclosure" of "[i]nformation relevant to any administrative or judicial action or proceeding." 50 U.S.C. § 4565(c). At the same time, the statute provides that information in the administrative record that is "subject to privilege or protections under any provision of law" must be maintained under seal. *Id.* § 4565(e)(3). In this case, the government has included within Volume 2 all of the information that the government believes to be confidential and thus protected from disclosure under Section 4565(e)(3). In addition, in an abundance of caution, the government has included within Volume 2 all of the information submitted by petitioners to the Committee that the petitioners marked as containing confidential information.

The government will provide petitioners with a copy of the sealed material in Volume 2, which must not be publicly disclosed. The government also stands ready to file the materials in Volume 2 with the Court at its request, *see* D.C. Cir. R. 17(b).

**C.** Government counsel sought petitioners' position on this motion, and petitioners' counsel indicated that petitioners do not oppose this motion.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court provide leave to file portions of the Administrative Record in this case under seal.

Respectfully submitted,

SHARON SWINGLE

 s/ Sean R. Janda
SEAN R. JANDA
CATHERINE PADHI
*Attorneys, Appellate Staff*
*Civil Division, Room 7260*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-3388*
*sean.r.janda@usdoj.gov*

JANUARY 2025

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 661 words, according to the count of Microsoft Word.

/s/ Sean R. Janda
Sean R. Janda