# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| UNITED STATES STEEL CORPORATION, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> COMMITTEE ON FOREIGN INVESTMENT IN THE UNITED STATES, *et al.*, <br><br> Respondents. | No. 25-1004 |

**CONSENT MOTION TO PLACE CASE IN ABEYANCE**

Pursuant to Federal Rule of Appellate Procedure 27, the government respectfully moves to place this case in abeyance until June 5, 2025, pending further administrative proceedings as described below. Petitioners consent to this motion. In support of this motion, the government states the following:

**1.** This petition for review, filed under 50 U.S.C. § 4565(e)(2), seeks review of the Presidential Order Regarding the Proposed Acquisition of United States Steel Corporation by Nippon Steel Corporation, 90 Fed. Reg. 2605 (Jan. 3, 2025), and the related referral to then-President Biden by the

Committee on Foreign Investment in the United States (CFIUS). That order prohibits the proposed acquisition of U.S. Steel by Nippon Steel Corporation and Nippon Steel North America (the "Purchasers"). *See id.* § 2. The order also reserves the President's "authority to issue further orders with respect to the Purchasers or U.S. Steel as shall," in the President's judgment, "be necessary to protect the national security of the United States." *Id.* § 3.

On April 6, 2025, President Trump, acting pursuant to that reservation of authority, issued a Presidential Memorandum that directs CFIUS "to conduct a review of the acquisition of U.S. Steel by the Purchasers to assist" the President "in determining whether further action in this matter may be appropriate." Presidential Memorandum Regarding the Review of Proposed United States Steel Corporation Acquisition § 1(a) (Apr. 6, 2025). That memorandum provides that "CFIUS's review shall be conducted de novo, confidentially, and consistent with the procedures set forth for national security reviews" under 50 U.S.C. § 4565, "including, but not limited to, identifying potential national security risks associated with the proposed transaction and providing adequate opportunity to the parties to respond to such concerns." *Id.* § 1(b). The memorandum also directs CFIUS to "submit a recommendation" to the President "within 45 days" that describes "whether any measures proposed by the parties are sufficient to mitigate any national security risks

identified by CFIUS" and that "include[s] a statement describing each member agency's position, including the reasons for such position." *Id.* § 2.

**2.** Petitioners filed their opening brief on February 3, 2025. Petitioners generally contend that President Biden's order prohibiting the proposed acquisition violated petitioners' due process rights and was *ultra vires*, and that CFIUS's referral to the President violated petitioners' due process rights and the APA's requirements. *See* Opening Br. 9-10. The government's response brief, as well as the classified portions of the Administrative Record, are currently due on April 7, 2025. The court has scheduled oral argument for May 12, 2025.

In light of President Trump's memorandum, the government respectfully requests that this appeal be placed in abeyance for 60 days from the date of the President's memorandum—until June 5, 2025. That 60-day window will provide CFIUS with the 45 days contemplated in the memorandum to complete its de novo review and will provide the President with an additional 15 days to act on any recommendation from CFIUS. *Cf.* 50 U.S.C. § 4565(d)(2) (generally providing the President with 15 days from "the date on which the investigation of the transaction" is "completed" or "the date on which the Committee otherwise refers the transaction to the President" to "announce the decision on whether or not to take action" with respect to the transaction). The

3

government further requests that oral argument be taken off the calendar pending abeyance. Abeyance is warranted because that administrative process has the potential to fully resolve petitioners' claims. Placing this appeal in abeyance for 60 days pending those proceedings and taking the oral argument currently scheduled for May 12 off the calendar will best preserve the resources of the parties and the Court. The parties will report to the Court on June 5, 2025, or 48 hours after the President acts, whichever is earlier, whether continued abeyance is warranted and, if not, a proposal for further briefing.

**3.** Counsel for petitioners have informed the government that petitioners consent to this motion.

Respectfully submitted,

YAAKOV M. ROTH
  *Acting Assistant Attorney General*

SHARON SWINGLE

 /s/ Sean R. Janda
SEAN R. JANDA
CATHERINE PADHI
SOPHIA SHAMS
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7260*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-3388*
  *sean.r.janda@usdoj.gov*

APRIL 2025

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 654 words, according to the count of Microsoft Word.

*/s/ Sean R. Janda*
Sean R. Janda
